Wright, J.,
delivered the opinion of the Court.
The declaration in this case, is in debt upon a promissory note against the maker and- endorsers. The amount of the debt, as claimed in the writ, is $1,500, and the damages are laid, both in the suit and declaration, at $200. Though the note and endorsements, with their pro-fert, and other averments necessary to charge the parties, are particularly stated in the declaration, yet the amount of the note is omitted, and the same is left in blank. The defendants being served with process, and required to plead on oath, and being unable, as we take it, truthfully to make any valid defense to the action, failed to plead altogether; whereupon the Circuit Court gave judgment final against them by nil elicit, which we may, for the purpose of this investigation, treat as a judgment by default: Bingham on Judgments, 17, 18. This judgment the defendants, at the same term of the Court, -moved to *45 set aside, and also in arrest of judgment; which motions being severally overruled, they have appealed to this Court.
They now insist that the blank in the declaration is a fatal error. We do not think so. In Groves vs. Dodson, 8 Yer., 161, which was an action of assumpsit where the writ stated the damages, but they were left blank in the declaration, it was held the omission was cured by verdict. In Newcomb et als. vs. Ramer, 2 Johns., 421, (note,) was trespass de bonis asportatis, omission to state the value of the chattels was held to be matter of form, and cured by plea. The same rule must obtain in actions of debt. The omission is, at most, but an imperfect statement of the facts which constitute the cause of action, and the .reason why, at common law, it was cured by the verdict, is, that it was not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict without proof of the amount of the damages or debt: Bingham on Judgments, 78; 2 Meigs’ Digest, 809. The action iu this case being debt for a sum certain, the judgment by default at common law was final: Bingham on Judgments, 22-23; and in the Code, Sec. 2957, it is provided that if the defendant fail to appear and defend at- the time prescribed by law, judgment by default may be taken against him. And now, by Sec. 2952, in such case the judgment is final, if the amount of the plaintiff’s claim can be ascertained by simple calculation lrom the papers. When the amount cannot be thus readily ascertained, the damages will be ascertained by a jury, empannelled at the same term for the purpose. This; then, was a case where the Circuit Court was authorized, without the intervention of a jury, to give this judgment, *46 inasmuch as the amount of the plaintiff’s claim was susceptible of ascertainment by simple calculation from the papers, that is, from the note and protest. The Circuit Judge must, of necessity, therefore, have had before him the evidence upon which the' plaintiff’s action was based, in order to ascertain the amount for which the judgment should be given; and whatever may have been the distinctions in the common law, between judgments upon verdict and by default, in this respect, it is difficult now with us to see why the same intendments or presumptions are not to be made in favor of final judgmént by default, as upon a verdict by a jury. In reason and authority, we apprehend both must stand upon the same footing: 2 Meigs’ Digest, 809. It would seem, therefore, that independent of our recent enaetménts the objection has nothing in it. But now, this Court is forbid to reverse any judgment, unless' an error of substance be shown to exist, and may rectify and amend 'any defects and imperfections iri matters of form, in order to enable us to affirm the judgment and attain justice. Here we cannot see that the judgment is erroneous, ■ and before the plaintiffs in error can be allowed to say it is, it was incumbent on them, in proper manner, to place before us a state of facts showing it to be so, which they have failed to do, and which, we must take it, they could not do. If need be, wo may regard the'imperfect statement in the declaration as amended.
It is next objected, that the declaration shows that the note was presented for payment on the 14th of September, when it should have been demanded on the first of that month', and that, therefore, the endorsers are not' chargeable. This objection is not well taken. The *47 declaration states that when tbe note became due and payable, according to its tenor and effect, to wit: on the 14th day of September, 1858, the plaintiffs caused the same to be presented, &c. The material and tra-versable part of the averment is, that when the note became due and payable, payment of it was demanded: Vail vs. Lewis & Livingston, 4 Johns. Rep., 450, 456; Gleason vs. McVicor, 7 Cowen, 42, 45. We will now take it, that it appeared to the Circuit Judge, in' the note and protests, that the demand was made at the proper time. Besides, we are satisfied from other aver-ments in the declaration, that the demand was made on the first of September, not upon the 14th, and that this latter date is a clerical error, and may be considered as amended: Janson vs. Ostrander et als., 1 Cowan, 670, 676.
Finally, it is said, the judgment is for $1501.35 debt, and $67.00 damages, when the writ claims the debt to be $1500 only. This, upon the authority of Edwards vs. Green, 5 Sneed, 669, is no reversible error. Moreover, we think it probable, from what we see of this record', is, that the $1.35, are simply the cost of protest, notice, &e., and were rightfully allowed, and in the absence of a bill of exceptions, disclosing the contrary, we will so presume. Of course, their position with the debt, instead of the damages, where strictly they should have been, at this day, amount to nothing.
Affirm the Judgment,